```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARLON STEWART,

                Petitioner,          MEMORANDUM & ORDER
                                     11-CV-812 (JS)
        -against-

MICHAEL SPOSATO,

                Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:    Marlon Stewart, pro se
                   Prisoner No. 10007096
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Respondent:    No appearances.
```

SEYBERT, District Judge:

Marlon Stewart, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Stewart's Petition, the Court sua sponte DISMISSES IT WITHOUT PREJUDICE.

BACKGROUND

Mr. Stewart alleges that he was arraigned on August 13, 2010, and has been incarcerated since. Mr. Stewart claims that, despite his incarceration, "there has been no timely grand jury action, and no indictment has been found" against him. Mr. Stewart contends that, in so doing, Respondent has failed to comply with N.Y. C.P.L. § 190.80, and has deprived him of his right to due process under the Fourteenth Amendment.

1

Mr. Stewart pleads that he has made a "previous application for state writ of habeas corpus," but "still till this day Petitioner has received no relief on said motion." But Mr. Stewart does not allege that the state courts have denied this writ, or engaged in undue delay in failing to decide it.

DISCUSSION

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them. Id.

Here, although Mr. Stewart alleges that he has asserted his Constitutional claims in state court, he does not allege that any state court, much less the "highest state court," has rejected these claims--either expressly or constructively. Rather, the only fair reading of Mr. Stewart's Petition suggests that his state habeas claim is still pending, and has not been pending for very long. Consequently, Mr. Stewart has not yet exhausted his state court remedies. So the Court must sua sponte dismiss his Petition on that basis. Ruine

2

v. Senkowski, 00-CV-3798, 2000 U.S. Dist. LEXIS 15064, at *6-7 (S.D.N.Y. 2000) ("if a § 440 motion is pending, state court remedies have not yet been exhausted, and the habeas petition must be dismissed"). Mr. Stewart may re-file his claim once he fully exhausts it in state court. But, for now, this case is DISMISSED WITHOUT PREJUDICE, and the Court will not issue a Certificate of Appealability. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         February __22__, 2011